UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JIMMY LEE HUDSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:08CV00056 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Jimmy Lee Hudson's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1].

**I.    EVIDENTIARY HEARING**

The Court must hold an evidentiary hearing to consider claims in a 28 U.S.C. § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a petitioner is entitled to an evidentiary hearing "when the facts alleged, if true, would entitle [the petitioner] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. The Court notes that Jimmy Lee Hudson's ("Petitioner") claims are inadequate on their face. Therefore, no evidentiary hearing will be held. *See Shaw*, 24 F.3d at 1043.

**II.   DISCUSSION**

In his Motion under 28 U.S.C. § 2255, Petitioner asserts that his counsel was ineffective. In *Strickland v. Washington*, the Supreme Court held that a showing of ineffective assistance of counsel requires a petitioner to demonstrate; (1) that counsel's performance was deficient in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and (2) that "counsel's deficient performance prejudiced the defense." 466 U.S. 668, 687 (1984); *see also Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995).

To prove ineffective assistance of counsel, under the first prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. When evaluating counsel's performance, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Even if sufficient proof of the first prong exists, relief may only be obtained if a petitioner also proves that the deficient performance prejudiced the case. *Id.* at 697. The Court may address the two *Strickland* prongs in any order, and if a petitioner fails to make a sufficient showing of one prong, the Court need not address the other prong. *See Strickland*, 466 U.S. at 697; *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) ("If we can answer 'no' to either question, then we need not address the other part of the test.").

In his Motion, Petitioner raises three arguments in his 28 U.S.C. § 2255 motion for the reduction of his sentence; (1) ineffective assistance of counsel during the pretrial stage of the proceedings, by failing to have the drug evidence challenged by an independent laboratory to determine that it was not crack cocaine, (2) ineffective assistance of counsel during sentencing, by failing to contest that the drugs were cocaine base but not crack cocaine, and (3) ineffective assistance of counsel during sentencing, for failing to challenge that the possession of crack

cocaine was not established by a preponderance of the evidence. The Court will consider each of these arguments separately.

A.  *Ineffective Assistance of Counsel During Pretrial Stage*

Petitioner first alleges that his counsel was ineffective during the pretrial stage of the proceedings. Specifically, he asserts that counsel was ineffective because he failed to have the drug evidence challenged by an independent laboratory to determine that it was not crack cocaine. The Court will not consider this claim because the plea agreement states that Petitioner waives his right to post-conviction proceedings "except for claims of ineffective assistance of counsel at the time of sentencing." The plea agreement also stated that Petitioner was waiving "all rights to appeal all non-jurisdictional issues including, but not limited to, any issues relating to pre-trial motions, hearings and discovery and any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea."

Plea agreements that include appeal waivers are enforceable. *See United States v. Clayborn*, 249 F.App'x. 495 (8th Cir. 2007). No evidence has been presented that Petitioner did not understand or voluntarily accept the terms of his plea agreement, and Petitioner's claim of ineffective assistance during the pretrial stage of his criminal proceedings was properly waived by his plea agreement. Petitioner's claim that his counsel was ineffective in the pretrial stage of his criminal proceedings fails.

B.  *Ineffective Assistance of Counsel During Sentencing: Type of Cocaine*

Petitioner next alleges that his counsel was ineffective at sentencing because he failed to challenge the form of cocaine base possessed by Petitioner.[1] This allegation fails to satisfy the

---

[1] Petitioner states that his counsel failed to challenge "the fact that the Government's drug evidence purported to be crack actually was not the same crack cocaine that could subject Petitioner to the 100-to-1 sentencing ration."

*Strickland* test because any distinction between types of cocaine base would not have affected Petitioner's mandatory minimum sentence. *See Robinson v. United States*, 2007 WL 2121689, at *5 (E.D. Mo. July 24, 2007). As a result, Petitioner cannot demonstrate that the second *Strickland* prong is satisfied because he has failed to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The results of the proceeding would not have been different, and his counsel was not ineffective.

Additionally, the Court notes that it is clear that Petitioner has not satisfied the first *Strickland* prong because his counsel was not ineffective at sentencing. His counsel was able to secure valuable concessions from the Government. The Plea Agreement stated that "the parties further agree to recommend a 100 month sentence." The joint recommendation was "in exchange for the government agreeing to refrain from filing a notice of enhancement for the defendant's prior felony controlled substance conviction"[2] which would have enhanced to statutory mandatory minimum term of imprisonment to 120 months followed by eight years of supervised release. This concession by the Government demonstrates that counsel's performance was not ineffective and the representation certainly did not fall"below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.

C.   *Ineffective Assistance of Counsel During Sentencing:  Preponderance of the Evidence*

Finally, Petitioner asserts that the Government failed to establish that the drugs were crack cocaine. He states that "crack is usually prepared by processing cocaine hydrochloride and

---

[2] At the Sentencing Hearing, Assistant United States Attorney Paul Hahn stated that the Government had agreed "not to file the prior under 21 USC 851" and that the joint recommendation was for a 100 month sentence. (Tr. P.5, L. 7-13). The Court sentenced Petitioner to 100 months imprisonment and a four year term of supervised release.

4

sodium bicarbonate" and asserts that the Government failed to satisfy its burden of proving that these substances were present and that he possessed crack cocaine.

The plea agreement stated that a confidential informant "contacted defendant Jimmy Lee Hudson and arranged to purchase a quantity of crack cocaine." At the plea hearing, Assistant United States Attorney Paul Hahn read the plea stipulation, stating that the Government would be able to prove certain facts beyond a reasonable doubt. (Tr. P.11, L. 1-3). These facts included the statement that Petitioner "retrieved a plastic bag containing cocaine base which he provided to Officer Seger" and that Petitioner possessed $2,008 that was "used to facilitate the commission of Defendant Hudson's aforementioned offense of possession of five grams or more of cocaine base with intent to distribute." (Tr. P.11, L. 20 - P.12, L.4). The facts stated that the substance was tested and it was determined that it "was 7.28 grams of a substance containing cocaine base" and that Petitioner "knowingly and intentionally possessed the 7.28 grams of cocaine base." (Tr. P.12, L. 5-15). After the statement was read, the Court asked Petitioner, "Do you have any questions about those facts or do you have any disagreement with those facts?" and Petitioner responded "No."

That the phrasing "cocaine base" was used instead of "crack cocaine" or a full chemical breakdown is irrelevant. *See Lemon v. United States*, 335 F.3d 1095, 1096 (8th Cir. 2003). *United States v. Wilson*, 103 F.3d 1402, 1407 (8th Cir. 1997). The phrase "cocaine base" is all that is necessary to satisfy the Government's burden in this instance. *Id.* As a result, Petitioner has failed to satisfy the second *Strickland* prong because he has failed to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Had counsel challenged the phrasing

used by the Government, that challenge would have failed. The results of the proceeding would not have been different, and accordingly, his counsel was not ineffective.

## III. CONCLUSION

Petitioner's first claim under 28 U.S.C. § 2255 fails because it was waived in his plea agreement, and his other claims fail because his counsel was not ineffective.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Jimmy Lee Hudson's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Petitioner's Motion.

Dated this 5th day of February, 2009.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE